UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Maria Shaw, | Case No. 2:24-cv-00132-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| The Vons Companies, Inc. and Safeway, Inc., | |
| Defendants. | |

Before the Court is Defendants the Vons Companies, Inc. and Safeway, Inc.'s motion for a blanket protective order governing the parties' exchange of information. (ECF No. 13).[1] The parties disagree on whether a blanket protective order is necessary. And to the extent it is, the parties disagree on certain provisions of the blanket protective order. Defendants have also postponed responding to certain discovery pending the Court's ruling on the language of the blanket protective order. Plaintiff argues in her response that the Court should compel Defendants to produce their responses and responsive documents. Because the Court finds that a blanket protective order is appropriate in this case, it grants Defendants' motion for one. It will further require that the parties meet and confer and submit a stipulated blanket protective order with the language the Court specifies in this order.

**I.      Legal standard.**

Federal Rule of Civil Procedure 26(c) governs protective orders. Fed. R. Civ. P. 26(c). It provides that the "[t]he court may, for good cause, issue an order to protect a party or person from

---

[1] In her response, Plaintiff includes a section titled "countermotion to compel." (ECF No. 14 at 11). However, Plaintiff has not filed her response as a separate motion to compel as required by Local Rule IC 2-2(b), so it is not properly before the Court as a motion. But even if it were, it would be mooted by the fact that Defendants are withholding the information only until the Court enters a protective order, which it does here.

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). There are three types of protective orders in federal practice. *Federal Deposit Insurance Corporation v. Lewis*, No. 2:10-cv-439-JCM-VCF, 2015 WL 13667215, at *1 (D. Nev. July 29, 2015). The first—protective orders—protect a person from producing information in response to a discovery request. *See, e.g.*, Fed. R. Civ. P. 26(b)(2), (c)(1)(A), (c)(1)(C)-(E). The second—sealing orders—protect a person's privacy interests by preventing the public from accessing court records. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(F)-(H). The third—blanket protective orders—are (typically) stipulated agreements between the parties that generally require discovery to be conducted in a certain manner or be kept confidential. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(B).

Rule 26(c) requires the moving party to make a "particularized showing" of Rule 26(c)(1)'s enumerated harms. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003); *see* Fed. R. Civ. P. 26(c). However, because protective orders, sealing orders, and blanket protective orders serve different purposes, the nature of the "particularized showing" that is required to obtain each order necessarily differs. *Federal Deposit Insurance Corporation*, 2015 WL 13667215, at *1. So, a party cannot successfully oppose the entry of a blanket protective order by raising concerns about the public's right of access to judicial records or unsubstantiated fears that the party seeking the protective order is trying to avoid discovery.

Concerns about the public's right of access to judicial records are unsuccessful to oppose a blanket protective order because reliance on a blanket protective order does not justify the sealing of a court document. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). A blanket protective order governs discovery, which occurs out of court. *Federal Deposit Insurance Corporation*, 2015 WL 13667215, at *1. The public has no right to demand access to discovery materials that are solely in the hands of private party litigants. *Id.*

Unsubstantiated concerns that the party seeking the protective order is trying to avoid discovery are also unsuccessful to oppose a blanket protective order. Blanket protective orders are designed to expedite the discovery process by permitting litigants to freely exchange sensitive information without the risk of disclosure. *See id.* These orders are intended to facilitate the exchange of discovery documents, not prevent it, and typically make no findings that a particular

document is confidential or that a document's disclosure would cause harm. *See Small v. University Medical Center of Southern Nevada*, No. 2:13-cv-00298-APG-PAL, 2015 WL 1281549, at *3 (D. Nev. March 20, 2015).

## II. Discussion.

As a preliminary matter, the Court finds that Defendants have shown good cause for a blanket protective order to govern the exchange of confidential information in this case. Defendants are not seeking to avoid responding to any particular discovery requests or to seal any filed documents.[2] So, the parties arguments regarding particularized harm are inapposite and the Court does not consider them. Instead, the Court will address the parties' disagreements regarding the language to be included in the blanket protective order dispute-by-dispute. The Court will require the parties to meet and confer and stipulate to a protective order containing the language the Court references below.

### *A.  Binding non-parties.*

Defendants propose the following language regarding disclosure of confidential information:

> Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Prior to disclosure of Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto as Exhibit "A") consenting to be bound by the terms of this Order…Upon dissemination of any Confidential Material, each non-designation counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

(ECF No. 13-3 at 3-4).

---

[2] The Court notes that Defendants bring up specific discovery requests. But Defendants do not seek a protective order to prevent them from having to respond to these requests. Instead, they seek a blanket protective order to facilitate their response.

Plaintiff takes issue with the language Defendants include providing that, if counsel for any party shares confidential information with a third party, that third party must sign an agreement to be bound by the terms of the protective order. (ECF No. 14 at 18). Plaintiff argues, with no support, that "there is no basis for compelling non-parties to become parties to the protective order." (*Id.*). Plaintiff also disagrees with the language requiring the non-designating attorney to keep a list of all the people to whom they have shown confidential information, arguing that it "undermines the protections in place protecting the identity of consultants employed in connection with the case." (*Id.*).

The Court declines to remove this language from the protective order. Requirements in protective orders that third parties who receive confidential information sign an agreement to follow the terms of the protective order governing discovery in the case are common. *See Tomahawk Manufacturing, Inc. v. Spherical Industries, Inc.*, 344 F.R.D. 468, 471 (D. Nev. 2023) (explaining that "blanket protective orders often include carveouts to enable experts or consultants to access sensitive information upon *agreeing to be bound by the terms of that blanket protective order*") (emphasis added); *see Satmodo, LLC v. Whenever Communications, LLC*, No. 3:17-cv-00192-AJB-NLS, 2018 WL 1071707, at *7-10 (S.D. Cal. Feb. 27, 2018) (entering a blanket protective order including an agreement to be bound to individuals, including professional vendors and experts, to whom the parties disclose confidential information). However, to alleviate Plaintiff's concern regarding disclosing a list of consultants, the Court will require the parties to add the following sentence to their stipulated protective order following the language regarding maintaining a list of persons to whom counsel discloses confidential information:

> If any party objects to disclosing their record of people to whom they have given or shown Confidential Material, the party objecting to the disclosure may file the appropriate motion with the Court.

The parties' stipulated protective order must include the language proposed by Defendants and the sentence added by the Court above.

**B.     *Return or destruction of confidential materials.***

Defendants propose a provision that would require parties who have received confidential information during the litigation to destroy or return that information within thirty days of the

conclusion of this matter. (ECF No. 13-3 at 7). Plaintiff asserts that the provision should be removed so that both sides are allowed to retain documents that they are required to by law (for example, Plaintiff's counsel's seven-year retention policy). (ECF No. 14 at 19). But it is not clear that the provision Defendants propose would require Plaintiff's counsel to destroy information they are required to maintain by law. Indeed, Defendants' proposed language excludes "records regularly maintained by counsel in the ordinary course of business which records will continue to be maintained as Confidential Documents in conformity with this order." (ECF No. 13-3 at 7). The Court finds no reason to remove this language and the parties must include it in their stipulated protective order.

**IT IS THEREFORE ORDERED** that Defendants' motion for a protective order (ECF No. 13) is **granted in part and denied in part.** The Court grants Defendants' request that the Court find a protective order appropriate. The Court denies Defendants' request that the Court enter the exhibit they attach as the protective order.

**IT IS FURTHER ORDERED** that the parties must meet and confer and stipulate to a protective order governing the exchange of discovery including the language outlined herein. The parties must file their stipulated protective order on or before **July 15, 2024.**

DATED: June 14, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE